## Case No. 14,668.

### UNITED STATES v. BROWN.

#### [4 McLean, 378.] 1

Circuit Court, D. Michigan. June Term, 1848.

TRESPASS—CUTTING TIMBER—JUSTIFICATION—PRE-EMPTION RIGHT.

At law.

Mr. Norvell, U. S. Dist. Atty.
Mr. Seaman, for defendant.

OPINION OF THE COURT. This was an action of trespass, for cutting timber upon the public lands. On the part of the defendant, it was proved that he claimed the land, under the act of congress of the 4th of September, 1841 [5 Stat. 453]. It was objected, by the district attorney, that a pre-emption right under that act can not be shown by parol. Last May, it was proved that defendant admitted that he had not paid for the land. THE COURT instructed the jury that the defense of the defendant could only be sustained by his showing that he had taken some steps to secure his pre-emptive right set up. That short of this, he could plead no justification or excuse for the trespass charged.

Verdict for plaintiff. Judgment.

## Case No. 14,669.

### UNITED STATES v. BROWN.

#### [1 Mason, 151.] 2

Circuit Court, D. Massachusetts. Oct. Term, 1816.

PURCHASING ARMS FROM SOLDIER—STOLEN ARMS.

On an indictment under the act of March 16, 1802, c. 9, § 19 [2 Stat. 136], for purchasing of a soldier "his arms," it must be proved, that the soldier was in the lawful possession of the arms,

or had a special bailment of them, otherwise the indictment cannot be sustained. If the arms were stolen, the case is not within the act.

Indictment against the defendant [George Brown] for purchasing a soldier's arms, against the act of March 16, 1802, c. 9, § 19. Upon the trial, the evidence was that the defendant purchased a musket from a soldier, knowing him to be such, and that the soldier claimed the arms as his own. But it also appeared, that the musket was not lawfully in the possession of the soldier, but had been stolen by him from the arsenal of the United States, at Charlestown.

G. Blake, for the United States.
Wm. Austin, for defendant.

STORY, Circuit Justice. The act of congress declares, that every person, who shall purchase from a soldier his arms, uniform, clothing, or any part thereof, shall, on conviction, be liable to a limited fine or imprisonment, at the discretion of the court having cognizance of the offence. To bring the case within the statute, it is not necessary, that the arms should be strictly the absolute property of the soldier; for then the act would have no effect, as the arms used by the soldiers in the public service belong to the United States. It is sufficient, if the soldier have a special property therein by a bailment in the course of the service; or have a lawful possession, using them as his own in the duties of the service. But if his possession be unlawful, or obtained by larceny, the arms are not in the sense of the act, "his arms." It may be a blot in the act (and unfortunately there are many blots in our Criminal Code) but it is competent only for the legislature to cure the defect.

Verdict for plaintiff.